IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. |
| AURORA UNIVERSITY CHAPTER OF | ) | |
| ALPHA PHI ALPHA FRATERNITY, INC.; | ) | |
| MALIK INKATHA, individually and as an | ) | |
| alleged officer of AURORA UNIVERSITY | ) | |
| CHAPTER OF THE ALPHA PHI ALPHA | ) | |
| FRATERNITY, INC.; ELIJAH MCNUTT, | ) | |
| individually and as an alleged officer of | ) | |
| AURORA UNIVERSITY CHAPTER OF THE | ) | |
| ALPHA PHI ALPHA FRATERNITY, INC.; | ) | |
| DERRICK PAGE SR., as proposed special | ) | |
| administrator for DERRICK PAGE JR.; PAUL | ) | |
| CHENIER; VIDA CHENIER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Plaintiff, Admiral Insurance Company ("Admiral"), by and through its attorneys, David W. Walulik of Frost Brown Todd LLC, and Dana A. Rice and Adam P. Joffe of Hinshaw & Culbertson LLP, and for its Complaint for Declaratory Judgment against Defendants, Aurora University Chapter of Alpha Phi Alpha Fraternity, Inc. ("Aurora Chapter"); Malik Inkatha ("Inkatha"), individually and as an alleged officer of Aurora University Chapter of the Alpha Phi Alpha Fraternity, Inc.; Elijah McNutt ("McNutt"), individually and as an alleged officer of Aurora University Chapter of the Alpha Phi Alpha Fraternity, Inc.; Derrick Page Sr. ("Page"), as proposed special administrator for Derrick Page Jr.; Paul Chenier; and Vida Chenier (collectively, the "Defendants"), it states as follows:

## INTRODUCTION

1.     This is an insurance coverage case which arises from a shooting death on or about September 5, 2015.

2.     An individual named Marquitte L. West is alleged to have shot and killed an individual named Derrick Page Jr. outside of a venue where a party was hosted near Aurora University.

3.     Page, as proposed special administrator for Derrick Page Jr., filed a lawsuit arising from this death, *Page v. Alpha Phi Alpha Fraternity, Inc., et al.*, which is currently pending in the Circuit Court of Kane County, Illinois under case number 17 IL 465 ("*Page* Lawsuit").  (A true and correct copy of the *Page* Lawsuit is attached hereto as **Exhibit 1.**)

4.     The *Page* Lawsuit alleges that a variety of defendants were responsible for ensuring that Derrick Page Jr. would not be harmed.

5.     Specifically, the *Page* Lawsuit asserts claims against the following underlying defendants:

      a.     Alpha Phi Alpha Fraternity, Inc. ("Alpha National");

      b.     Alpha Phi Alpha Education Foundation, Inc. ("Alpha Education");

      c.     Alpha Phi Alpha Charitable Foundation, Inc. ("Alpha Charitable");

      d.     Aurora Chapter;

      e.     Inkatha (misspelled in the *Page* Lawsuit as "Inkacha");

      f.     McNutt;

      g.     Paul Chenier; and

      h.     Vida Chenier.

301899838v1 1009261

6. Admiral issued an insurance policy to Alpha National under Policy Number CA000018642-02 for the policy period of January 1, 2015 to January 1, 2016 ("Policy"). (A true and correct copy of the Policy is attached hereto as **Exhibit 2.**)

7. Admiral is defending Alpha National and Alpha Education from the *Page* Lawsuit under a reservation of rights.

8. Admiral brings this lawsuit to obtain a judgment that it does not owe a duty to defend or indemnify the Aurora Chapter, Inkatha, McNutt, Paul Chenier, or Vida Chenier.

9. Admiral also names Page as a party to the extent that the Page Estate or family members are potential judgment creditors who may bring a collateral proceeding seeking to garnish any insurance available to the Aurora Chapter, Inkatha, McNutt, Paul Chenier, or Vida Chenier.

10. As set forth herein, Admiral denies defense or indemnity to the Aurora Chapter, Inkatha, McNutt, Paul Chenier, and Vida Chenier for all claims alleged in the *Page* Lawsuit.

## PARTIES

11. Admiral is a corporation organized under Delaware law with a principal place of business in Scottsdale, Arizona.

12. The Aurora Chapter is an unincorporated association of individuals which ceased to exist upon being suspended by both Aurora University and Alpha National. Upon information and belief, at all times relevant hereto, the members of the Aurora Chapter resided in Illinois.

13. At all times relevant hereto, Inkatha was a citizen of the state of Illinois.

14. At all times relevant hereto, McNutt was a citizen of the state of Illinois. McNutt is currently a citizen of the state of Tennessee.

15. At all times relevant hereto, Paul Chenier was a citizen of the state of Illinois.

16. At all times relevant hereto, Vida Chenier was a citizen of the state of Illinois.

301899838v1 1009261

17.     At all times relevant hereto, Page was a citizen of the state of Illinois.

## JURISDICTION

18.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) in that the citizenship of the parties is diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Specifically, Page will seek in excess of $75,000.00 exclusive of interest and costs against the Aurora Chapter, Inkatha, McNutt, Paul Chenier, and/or Vida Chenier.

## VENUE

19.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this litigation occurred in Kane County, Illinois.

## COUNT I

### Declaratory Judgment Who Is An Insured – McNutt, Paul Chenier, and Vida Chenier

20.     Admiral adopts and realleges the allegations in paragraphs 1 through 19 of its Complaint for Declaratory Judgment as paragraph 20 of Count I of its Complaint for Declaratory Judgment as if fully set forth herein.

21.     The Policy defines "Who Is An Insured", in pertinent part, as follows:

**WHO IS AN INSURED – AMENDATORY ENDORSEMENT**
*       *       *       *

SECTION II WHO IS AN INSURED is amended to include each of the following as an insured:

(2) Undergraduate Chapters that are recognized by the Named Insured, and are in compliance with the Risk Management and Member Intake Policies of the Named Insured;

*       *       *       *

(4) Individual Officers, Directors, Trustees, Partners, Coordinators, Custodians, Committee Members, Council Members, Volunteers, Faculty Advisors and Fraternity Members and Candidates for Membership who are in financial good standing with the Named Insured of those entities listed in (1) (2) and (3)

4

above, but only while in compliance with Risk Management and Member Intake Policies of the Named Insured;

Compliance or noncompliance with, and the occurrence of a breach of, the Risk Management and Member Intake Policies of the Named Insured will be determined by mutual agreement of Admiral and the Named Insured. However, the ultimate impact of coverage and any Self-Insured Retention under this policy is the sole responsibility and discretion of Admiral. For purposes of this section, Risk Management and Member Intake Polices are those written rules, regulations or policies formally adopted and distributed from time to time by the legislative body or by the Executive Board of the Named Insured.

A breach of the Risk Management policy by any Insured defined above will not be imputed to any other Insured defined above provided that said Insured did not directly cause or actively participate in any breach of the Named Insured's Risk Management and Member Intake Policies.

(*See* Ex. 2, Form AI 08 76 02 03).

22.     The *Page* Lawsuit alleges that McNutt was a member or officer of the Aurora Chapter.  (Ex. 1, ¶ 3.)

23.     Alpha National has confirmed to Admiral that it has no record that McNutt ever was a member or officer of the Aurora Chapter.

24.     Upon information and belief, McNutt was never a member or officer of the Aurora Chapter.

25.     Likewise, upon information and belief, Paul Chenier and Vida Chenier were not members or officers of any entity related to Alpha National.

26.     McNutt, Paul Chenier, and Vida Chenier have no rights as an insured or additional insured under the Policy.

27.     Admiral does not owe a duty to defend and/or indemnify McNutt, Paul Chenier, and/or Vida Chenier.

301899838v1 1009261

28.     To the extent that Page seeks to obtain a judgment against McNutt, Paul Chenier, and/or Vida Chenier, that judgment is not collectible through any insurance coverage offered by Admiral.

29.     An actual controversy exists between Admiral, Aurora Chapter, Inkatha, McNutt, Page, Paul Chenier, and Vida Chenier, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

## COUNT II

### Declaratory Judgment Who Is An Insured – Inkatha and the Aurora Chapter

30.     Admiral adopts and realleges the allegations in paragraphs 1 through 29 of its Complaint for Declaratory Judgment as paragraph 30 of Count II of its Complaint for Declaratory Judgment as if fully set forth herein.

31.     The Policy defines "Who Is An Insured" in the manner quoted in Paragraph 21, above.  (*See* Ex. 2, Form AI 08 76 02 03).

32.     The *Page* Lawsuit alleges that Inkatha was a member or officer of the Aurora Chapter.  (Ex. 1, ¶ 3.)

33.     Alpha National has confirmed to Admiral that Inkatha is a former member of the Aurora Chapter who had graduated at the time of the death of Derrick Page Jr.

34.     Although a member may qualify as an additional insured under the Policy, any status of an insured applies "only while in compliance with Risk Management and Member Intake Policies of the Named Insured."  (Ex. 2, Form AI 08 76 02 03.)

35.     Alpha National has a written Risk Management Handbook (a true and correct copy of which is attached hereto as **Exhibit 3**) which provides, in pertinent part, "In order to

301899838v1 1009261

have insurance coverage for a specific event, you must have paid the insurance fee for the fraternal year and complete the Fraternity Special Event Checklist." (Ex. 3, Sect. 3.1, p. 23.)

36. The Special Event Checklist (a true and correct copy of which is attached hereto as **Exhibit 4**) defines a "special event" as "any event other than a regular business meeting" and states that a "Special Events Checklist Application" "must be completed and submitted to the Corporate Headquarters for approval at least (21) twenty-one days prior to the event date." (Ex. 4.)

37. Any special events "require written approval of the Corporate Headquarters before they are held by the chapter." (Ex. 4.)

38. With regard to insurance for a Special Event, the Alpha National Special Events Checklist provides the following:

> The Corporate Headquarters will determine if the event poses too great of a risk to the Fraternity to be covered under the current policy. If the potential liability exposure of the event is deemed to be too extreme, the chapter will be asked to purchase a separate liability policy for the event or pay a surcharge for the coverage under the Alpha Phi Alpha Fraternity, Inc. insurance program. (Ex. 4.)

39. Alpha National confirmed that the event giving rise to this shooting was not sanctioned or pre-approved under the Alpha Risk Management procedures.

40. Inkatha has no rights as an insured or additional insured under the Policy for failure to follow risk management policies, and likewise may not qualify as a member.

41. Admiral does not owe a duty to defend or indemnify Inkatha.

42. To the extent that Page seeks to obtain a judgment against McNutt, Paul Chenier, and/or Vida Chenier, that judgment is not collectible through any insurance coverage offered by Admiral.

43. An actual controversy exists between Admiral, Aurora Chapter, Inkatha, McNutt, Page, Paul Chenier, and Vida Chenier, and by the terms and provisions of 28 U.S.C. § 2201, this

301899838v1 1009261

Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Admiral Insurance Company is entitled to a declaration of rights that it owes no defense or indemnity to any Defendant in this action, and to recover such damages, costs, fees, interest, or other relief as the Court may order or the law may require.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ Dana A. Rice
Dana A. Rice

Dana A. Rice
Adam P. Joffe
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
drice@hinshawlaw.com
ajoffe@hinshawlaw.com

David W. Walulik (*pro hac* to follow)
FROST BROWN TODD, LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Phone: (513) 651-6800
Fax: (513) 651-6981
dwalulik@fbtlaw.com

301899838v1 1009261